IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOSHUA DANIEL BISHOP,       :
                                   :

                  Petitioner,      :
                                   :

        VS.              :
                                   :     CIVIL ACTION NO.: 5:08-CV-91 (HL)

HILTON HALL, Warden,      :
                                   :

                Respondent.   :
_____ :

## **ORDER**

Pursuant to the March 27, 2009 Consent Scheduling Order on Procedural Default and all other Outstanding Issues (R. at 28), the parties have briefed the issues of procedural default, cause and prejudice, and fundamental miscarriage of justice.

Respondent alleges that portions of Claims Two, Three, Four, Six, Seven, and Eight in Petitioner's Amended Petition for Writ of Habeas Corpus by a Person in State Custody (hereinafter "federal habeas petition") are unexhausted and should be treated as procedurally defaulted. (R. at 9, p. 8-10). Petitioner states that he "withdraws the claims that Respondent has identified as unexhausted." (Pet'r Br., p. 4). Therefore, the Court does not address these claims in detail.

Respondent asserts that Petitioner has procedurally defaulted portions of Claims Two, Three and Nine of his federal habeas petition. The Court now addresses whether these portions of these particular Claims have been procedurally defaulted and, if so, whether the procedural

default may be excused.

## I.  THE PROCEDURAL DEFAULT RULE AND EXCEPTIONS

  The procedural default rule provides that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).  Therefore, the procedural default rule applies in two contexts.  First, if a petitioner fails to exhaust his state remedies by neglecting to raise an issue on appeal or in any state habeas petition, the federal court will treat the issue as procedurally defaulted.  *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998); *Putman v. Turpin*, 53 F. Supp. 2d 1285, 1292 (M.D. Ga.  1999), *aff'd*, 268 F.3d 223 (11th Cir. 2001)(explaining that "when it is clear that the unexhausted claims would be barred in state court due to a state law procedural default, federal courts 'can . . . treat those claims now barred by state law as no basis for federal habeas relief'") (quoting *Snowden*, 135 F.2d at 735).  Second, the procedural default rule also provides that "[f]ederal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim clearly and expressly states that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996) (citing *Harris v. Reed*, 489 U.S. 255 (1989)); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (explaining that "[t]he [adequate and independent state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement").

  The Eleventh Circuit has explained that there are two exceptions to the procedural

2

default rule: (1) cause and prejudice; and (2) fundamental miscarriage of justice.  ***Hill***, 81 F.3d at 1022-23.

A finding of cause "must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule." ***Putman***, 53 F. Supp. 2d at 1292 (citing ***Murray v. Carrier***, 477 U.S. 478 (1986)).   The habeas petitioner must show that there was "some external impediment preventing counsel from constructing or raising the claim." ***Id***.

If a petitioner relies on cause to excuse a procedural default, he must also show actual prejudice.  Because a petitioner must show both, "a finding by the court that one prong has not been met alleviates the need to analyze the claim under the other prong."  ***Id***.  In relation to prejudice, courts have explained that a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a ***possibility*** of prejudice, but that they worked to his ***actual*** and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  ***United States v. Frady***, 456 U.S. 152, 170 (1981).

Finally, "in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice."  ***Jones v. Campbell***, 436 F.3d 1285, 1304 (2006).  The Eleventh Circuit has stated as follows regarding what is necessary to prove a fundamental miscarriage of justice:

> To excuse a default of a guilt-phase claim under [the fundamental miscarriage of justice] standard, a petitioner must prove "a constitutional violation [that] has probably resulted in the conviction of one who is actually innocent." . . . To gain review of a sentencing-phase

> claim based on manifest injustice, a petitioner must show that "but for
> constitutional error at his sentencing hearing, no reasonable juror
> could have found him eligible for the death penalty under [state] law."

*Hill*, 81 F.3d at 1023 (*citations omitted*).

The United States Supreme Court explained that when a Petitioner maintains that a miscarriage of justice due to "actual innocence" will result from a district court's failure to review a procedurally defaulted claim, the court "must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." *Dretke v. Haley*, 541 U.S. 386, 394 (2004). "This sequencing requirement was designed by the Supreme Court as a means of avoiding the 'threshold legal questions that often accompany claims of actual innocence' when a default can be excused on some simpler ground or full relief can be granted on a nondefaulted ground." Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 26.4 (5th ed. 2005)(quoting *Dretke*, 541 U.S. at 394).

Petitioner has asserted in summary fashion that "even if the Court finds [Petitioner's] claims to be defaulted and that [Petitioner] has not established adequate cause for the default and actual prejudice, the merits of a defaulted claim must still be heard when not to would present a fundamental miscarriage of justice." (Pet'r Br., p. 4). To any extent that Petitioner maintains a miscarriage of justice due to "actual innocence," he certainly has not shown such. However, the Court will, in accordance with *Dretke*, delay ruling on the issue until it has reviewed both Petitioner and Respondent's briefs on the nondefaulted claims and made its determination regarding these claims.

4

## II. PROCEDURAL DEFAULT ISSUES RELATING TO PETITIONER'S CLAIMS FOR RELIEF

### A. Claim Two: Misconduct by the prosecution team and other state agents deprived Petitioner of his constitutional rights to due process and a fair trial in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

In Claim Two of his federal habeas petition, Petitioner maintains that various misconduct on the part of the prosecution, jury baliff, sheriff's deputies, and other State agents deprived him of a fair trial. Specifically, Petitioner alleges that "[t]he State failed to disclose knowledge concerning defense counsel's improprieties to the trial court." (R. at 1, p. 31). Respondent maintains that this particular issue has not been exhausted (R. at 9, p. 8-9) and Petitioner, as explained above, has decided to "withdraw[] the claims that Respondent has identified as unexhausted." (Pet'r Br., p. 4).

Respondent maintains that Petitioner has procedurally defaulted all of the remaining issues or sub-claims contained within Claim Two.[1] A review of the record shows that the state habeas court "clearly and expressly state[d] that its judgment [on these various issues] rest[ed]

---

[1]These remaining claims are as follows: "The State suppressed information favorable to the defense at both phases of the trial" in violation of *Brady v. Maryland*, 373 U.S. 667 (1965) and *Kyles v. Whitley*, 514 U.S. 419 (1995); "[t]he State failed to disclose benefits or promises extended to State witnesses in exchange for their testimony and allowed its witnesses to convey a false impression to the jury . . . leading the jury to believe that [Petitioner's] co-defendant, *Mark Braxley*, would go to trial for the murder, when in fact he had already been offered a plea to a parolable life sentence"; [t]he State elicited false and/or misleading testimony from State witnesses at trial, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959) . . . *Mooney v. Holohan*, 294 U.S. 103 (1935) . . . [and] *United States v. Agurs*, 427 U.S. 97 (1976)"; [r]egardless of whether the State knew or should have known that it was presenting false and/or misleading evidence, the mere presentation of such evidence and the jury's reliance upon such evidence at both phases of the trial deprived Petitioner of due process"; [t]he prosecution improperly used its peremptory strikes to systematically exclude jurors on the basis of race and/or gender"; Petitioner's rights to due process and a fair trial were violated by improper and prejudicial remarks by the prosecution"; "[t]he State improperly allowed two of its key witnesses to act as agents of the court in the presence of the jury"; and "[t]he jury bailiffs and/or sheriff's deputies and/or other State agents who interacted with jurors engaged in improper communications with jurors which deprived petitioner of a fair trial and reliable sentencing." (R. at 1, p. 28-31).

on a procedural bar." *Hill*, 81 F.3d at1022 ; (Resp't Ex. 95, p. 40-43, 45, 46, 51-55).  Petitioner

essentially requests the Court to ignore this ruling and "urges this Court to allow merits briefing

of his *Brady* claim before making a determination of procedural default."  (Pet'r Reply Br. 1).

However, under *Coleman v. Thompson*, 501 U.S. 722 (1991), a state procedural bar "is an

adequate and independent state ground for decision, meaning that the federal court's must honor

it unless one of the exceptions apply."  *Smith v. Sec'y Dep't of Corr*., No. 07-14173, 2009 U.S.

App. LEXIS 14226 at *25 (11th Cir. June 30, 2009).  The only exceptions, as explained above,

are cause and prejudice or a fundamental miscarriage of justice.

        Petitioner is correct in his assertion that the State's suppression of evidence can

constitute cause.  However, plaintiff has not shown any such suppression in this case.

Petitioner claims that the State failed to timely disclose the fact that it had offered Petitioner's

co-defendant a life sentence with the possibility of parole.  However, the state habeas court

made the factual finding that no such plea was offered before the conclusion of Petitioner's

trial. Therefore, there was no suppression.  Pursuant to 28 U.S.C. § 2254 (e) the "determination

of [this] factual issue made by a State court shall be presumed to be correct [and] [t]he

[Petitioner has] the burden of rebutting the presumption of correctness by clear and convincing

evidence." *Id*.  Petitioner has presented no, much less clear and convincing evidence to dispute

any factual determinations made by the state habeas court.[2]

_____

        [2]Petitioner asserts that he has extensive evidence that this factual finding was incorrect.  However, he has
presented none.  Petitioner is well aware that this is his opportunity to present any argument he has regarding
procedural default, cause and prejudice, and fundamental miscarriage of justice.  In fact, Petitioner was the party
who filed the motion requesting "a modified briefing schedule that provides for timely briefing of procedural
default issues prior to merits briefing."  (R. at 27).  The Court agreed to this request and entered a consent order
that required the parties to address all procedural default issues in their current briefs.  (R. at 28, 29, 31, 32).  If
Petitioner actually had argument or could point to clear and convincing evidence to show the state court's fact

Additionally, the state habeas court found that even if the State did offer Petitioner's co-defendant a plea prior to the conclusion of Petitioner's trial, Petitioner failed to show prejudice because any such plea offer would not have been admissible at Petitioner's trial.  (Resp't Ex. 95, p. 46).  A review of the briefs show that Petitioner has failed to show that this was an incorrect finding and that any plea offer would, in fact, have been admissible at trial.

Petitioner also asserts that his "claims are not procedurally defaulted because they were incorporated into his claim of ineffective assistance of counsel."  (Pet'r Br., p. 8).  However, Petitioner certainly did not present and exhaust his ***Brady*** claims through litigation of his ineffective assistance of counsel claims.  ***See Picard v Connor***, 404 U.S. 270 (1971)(The Court explained that the rule of exhaustion would serve no purpose if it could be satisfied by raising one claim in state court and another in the federal courts.  Therefore, a difference in legal theory between that urged in the state court and that presented in the federal courts precludes exhaustion.)

To the extent that Petitioner is claiming ineffective assistance of counsel constitutes cause to excuse the procedural default of his claims, he simply has provided no facts to support his ineffective assistance of counsel allegation.[3]  The United States Supreme Court, in ***Murray v. Carrier***, 477 U.S. 478 (1986), explained that "cause for procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from

---

finding on this issue was incorrect, he should have done so.

[3]The Court assumes that Petitioner plans to address his ineffective assistance of counsel claims on the merits in his next briefs in accordance with the March 27, 2009 Consent Scheduling Order on Procedural Default and all other Outstanding Issues.  Therefore, after reviewing these briefs, the Court will determine if it must reconsider any of its findings that Petitioner failed to establish cause and prejudice for the procedural defaults.

constructing or raising the claim." *Id*. at 492.  Beyond the unsupported assertion of ineffective assistance of counsel, Petitioner has pointed to no "external impediment" that prevented any of his claims from being raised.  *Id*.

Based on the above, the Court finds that Petitioner's claim that "[t]he State failed to disclose knowledge concerning defense counsel's improprieties to the trial court" is unexhausted and withdrawn by Petitioner.  (R. at 1, p. 31).  Moreover, the remaining claims or sub-claims contained in Claim Two are procedurally defaulted.

### B.  Claim Three: Misconduct on the part of the jurors violated Petitioners's Rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Petitioner claims as follows in Claim Three of federal habeas petition:

> Misconduct on the part of the jurors included, but was not limited to, improper consideration of matters extraneous to the trial, improper racial attitudes which infected the deliberations of the jury, false or misleading responses of jurors on voir dire, improper biases of jurors which infected their deliberations, improper exposure to the prejudicial opinions of third parties, improper communications with third parties, improper communication with jury bailiffs, improper ex parte communications with the trial judge, and improperly prejudging the guilt/innocence and penalty phase of Petitioner's trial.[4]

(R. at 1, p. 32)

The Court may not review Claim Three if "the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." *Hill*, 81 F.3d at 1022.  The state habeas court clearly held this claim was procedurally defaulted. (Resp't Ex. 95, p. 53-57).

---

[4]Respondent has alleged that two portions of Claim Three are unexhausted: (a) improper biases of jurors which infected their deliberations and (b) improperly prejudging the guilt and penalty phases of Petitioner's trial. (R. at 9, p. 9).  Petitioner has "withdraw[n] the claims that Respondent has identified as unexhausted." (Pet'r Br., p. 4).

Moreover, this "bar presents an independent and adequate state ground for denying relief." *Hill,* 81 F.3d at 1022..   Therefore, unless Petitioner can show cause and prejudice, or a fundamental miscarriage of justice, the Court must defer to the state court's ruling and find these claims are procedurally barred.  *Baily v. Nagle,* 172 F.3d 1299, 1302 (11th Cir. 1999)(explaining that when "the state correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision")(quoting *Wainwright v. Sykes*, 433 U.S. 72 (1977)).   Petitioner has failed to show that one of the exceptions to the procedural default rule applies.   Therefore, the Court finds that federal habeas Claim Three is procedurally defaulted to the extent that Petitioner has not withdrawn the unexhausted sub-claims.

**C.   Claim Nine: A death sentence in this case is disproportionate punishment, and such arbitrary application of the death penalty violates the Eighth and Fourteenth Amendments to the United States Constitution.**

In Claim Nine of his federal habeas petition, Petitioner claims that "[t]he proportionality review conducted in the State of Georgia is constitutionally infirm in general and as applied." (R. at 1, p. 50).   Moreover, he states that the "death penalty in this case is excessive and disproportionate to the penalty imposed upon [Petitioner's] co-defendant."  (R. at 1, p. 52).

The state habeas court found "[t]he Georgia Supreme Court's rulings on these claims are res judicata."  (Resp't Ex. 95, p. 38).   A finding of res judicata does procedurally bar this Court from reviewing Claim Nine.   "The United States Court recently has made clear that when a state court denies collateral review on the ground that the claim was already decided on direct appeal, that state ruling does not bar federal review."  *Owen v. Sec'y for the Dep't of Corr*., No. 07-

14727, 2009 U.S. App. LEXIS 10484 at *47 (11th Cir. May 18, 2009)(quoting *Cone v. Bell*, 129 S. Ct. 1769 (2009)).

## III. CONCLUSION

For the reasons set forth above, the Court finds that it is precluded from reviewing Claims Two and Three.  Conversely, Claim Nine has not been procedurally defaulted.

In submitting briefs to the Court on the remaining claims, the parties are to adhere to the briefing schedule announced in the March 27, 2009 Consent Scheduling Order on Procedural Default and all other Outstanding Issues entered in this case. (R. at 28).

**SO ORDERED**, this 27th day of July, 2009.


*s/ Hugh Lawson*
HUGH LAWSON, JUDGE


lnb