IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSHUA DANIEL BISHOP, | : | |
| Petitioner | : | |
| vs. | : | CIVIL ACTION NO.: 5:08-CV-91 (HL) |
| STEPHEN UPTON, Warden, | : | |
| Respondent | : | |

**ORDER**

Petitioner requests this Court to issue a Certificate of Appealability ("COA") for three claims contained in his Petition for Writ of Habeas Corpus by a Person in State Custody ("federal habeas petition").

**I. STANDARD FOR GRANTING A COA**

Pursuant to 28 U.S.C. 2253(c)(2), the court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." ***Miller-El v. Cockrell***, 537 U.S. 322, 326 (2003). When a habeas petition is denied, in part, on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue when a prisoner shows . . . that jurists of reason would find it debatable

1

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "'Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further'." *Muhammad v. Sec'y, Dep't of Corr.*, 554 F.3d 949, 955 (11th Cir. 2010)(*quoting Slack*, 529 U.S. at 484).

## II. DISCUSSION

As explained above, Petitioner requests a COA for three claims contained in his federal habeas petition. First, Petitioner seeks a COA for the claim that his trial counsel was ineffective at the penalty phase of his capital trial (contained in Claim One of the federal habeas petition). Specifically, Petitioner maintains that his trial counsel was ineffective in their investigation and presentation of his co-defendant's (Mark Braxley) criminal history, history of violence, and dominance over Petitioner. Petitioner also claims that trial counsel was ineffective for failing to present mitigating testimony from police officers. Finally, Petitioner asserts that his trial counsel was ineffective in failing to investigate and present blood evidence to support his theory regarding Mark Braxley's participation in the crimes.

The Court has given substantial consideration to the issues contained in these claims and reaffirms without reservation all of its previous Orders. However, the Court does conclude that jurists of reason could disagree with the Court's resolution of these claims and that these particular issues deserve encouragement to proceed further. *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing 28 U.S.C. § 2253); *Anderson v. Sec'y for the Dep't of Corr.*, 462 F.3d 1319 (11th Cir. 2006). Therefore, the Court **GRANTS** Petitioner's request for a COA on the issues described above, which are contained in Claims One of the federal habeas petition.

Second, Petitioner also requests a COA for his claim that misconduct by the prosecution team and other state agents deprived Petitioner of his constitutional rights to due process and a fair trial (Claim Two in the federal habeas petition). This Court found this claim to be procedurally defaulted. (ECF at 34, p. 5-8 and ECF at 46, p. 30-34). Third, Petitioner requests a COA for his claim that the death sentence in this case is disproportionate punishment and was arbitrarily and capriciously imposed (Claim Nine in the federal habeas petition). In relation to both of these claims, the Court finds that Petitioner has not met the standard shown above for the grant of a COA. Therefore, Petitioner's requests for a COA for Claim Two and Claim Nine are **DENIED**.

**SO ORDERED**, this 3rd day of February, 2011.

<u>s/ Hugh Lawson</u>
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb